IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MOHAMMED BOUJAER | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-01347-O |
| | § | |
| LOCKHEED MARTIN CORPORATION, | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT LOCKHEED MARTIN CORPORATION'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S ORIGINAL COMPLAINT AND BRIEF IN SUPPORT**

Defendant Lockheed Martin Corporation ("Lockheed Martin") files this Motion For Partial Dismissal with prejudice of Plaintiff's Original Complaint [Dkt. 1] and brief in support pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and in support of this Motion[1] states as follows:

## I.    INTRODUCTION AND SUMMARY

This is an employment discrimination lawsuit. On December 1, 2025, Plaintiff Mohammed Boujaer ("Plaintiff") filed his Original Complaint ("Complaint") alleging discrimination in violation of Title VII (race, national origin, religion) and 42 U.S.C § 1981. Dkt. 1. In the Complaint, Plaintiff alleges multiple adverse actions including denial of "training, coaching, preferential assignments, and overtime opportunities." Dkt. 1 at ¶ 23; *see also id*. at ¶¶ 32, 41. He also asserts that he was subjected to "heightened scrutiny." Dkt. 1 at ¶ 42. Plaintiff's theory of

---

[1] By filing this Motion, Lockheed Martin's deadline to file an Answer to Plaintiff's Original Complaint is suspended. *Clark v. Comm. State Bank*, No. MO-00-CA-140, 2001 WL 685529, *1 (W.D. Tex. Apr. 16, 2001) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Sec. 1356 (1990 & Supp. 2000) (noting that the weight of authority holds that filing even a partial 12(b) motion suspends the time to respond to the entire complaint)). Lockheed Martin reserves the right to file an Answer to the Original Complaint, or any amendment thereto, after the Court rules on this Motion For Partial Dismissal.

discrimination related to purported denial of overtime opportunities is not at issue in this Motion. However, Plaintiff's Charge of Discrimination (the "Charge") makes no mention of denial of training, coaching or preferential assignments, nor does it allege heightened scrutiny. *See* Dkt. 1-1. Plaintiff's attempt to litigate Title VII claims of purported unlawful employment practices not raised in his Charge circumvents the EEOC's role in employment discrimination cases and flouts the requisite notice requirement.

Dismissal of Plaintiff's Title VII claims arising from these discrete acts (denial of training, coaching, preferential assignments, and heightened scrutiny) is appropriate under the applicable standards of law discussed below. Since these fatal defects cannot be remedied by amendment, Plaintiff's novel contentions of discrimination not exhausted in the Charge stage should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   STANDARD FOR DISMISSAL

### A.   Standard for Rule 12(b)(6) Motions.

Rule 12(b)(6) allows a court to eliminate actions that are fatally flawed in their legal premises and destined to fail, thus sparing the litigants the burdens of unnecessary pretrial and trial activity. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). Plausibility must be more than a mere "possibility that the defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 679.

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (internal citations omitted). The court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp*., 484 F.3d 776, 780 (5th Cir. 2007) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 570. Accordingly, a court must disregard "labels and conclusions" and "naked assertion[s]" devoid of "further factual enhancement." *Iqbal* at 678, 680–81 (internal quotation marks omitted). To survive a motion to dismiss, factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

### III.   ARGUMENT AND AUTHORITIES

**A.   Plaintiff Failed to Exhaust His Administrative Remedies As To Certain Discrete Actions Raised in His Complaint.**

Before filing suit in court, a Title VII plaintiff must exhaust his administrative remedies by filing a timely charge of discrimination with the EEOC that identifies the employment practices he is challenging. 42 U.S.C. § 2000e-5(e)(1); *Davis v. Fort Bend Cty.*, 893 F.3d 300, 303 (5th Cir. 2018). Title VII suits are limited to the issues acknowledged in the EEOC charge and the scope of the investigation that can be expected to grow out of that charge. *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006). To determine whether a plaintiff's claims fall within the scope of his charge and the resulting investigation, the court must "engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." *Id*. Courts are more stringent in this analysis when the claims "stemmed not from an incorrectly labeled legal conclusion" in the charge, "but from factual allegations omitted from the charge of discrimination." *Smith v. City of Dall.*, No. 3:19-CV-2892-

K-BK, 2022 U.S. Dist. LEXIS 143429, at *6 (N.D. Tex. July 20, 2022) (Toliver, M.J.), citing

*Waters v. City of Dallas*, No. 3:11-CV-0540-K, 2012 U.S. Dist. LEXIS 156496, 2012 WL

5363426, at *5 (N.D. Tex. Nov. 1, 2012) (Kinkeade, J.) (citing *Fine v. GAF Chem. Corp.*, 995

F.2d 576, 578 (5th Cir. 1993)), *adopted*, 2022 U.S. Dist. LEXIS 143343 (N.D. Tex. Aug. 11, 2022)

(Kinkeade, J.).

"A discriminatory act alleged in a lawsuit but not included in an EEOC charge is not 'like

or related to' acts that are alleged in an EEOC charge simply because both are based on the same

type of discrimination. *Id*., citing *Turner v. St. Luke's Episcopal Health Sys.*, No. H-06-1668, 2008

U.S. Dist. LEXIS 20243, at *22 (S.D. Tex. March 14, 2008). A charge must still state a claim's

basic facts. *Fine*, 995 F.2d at 578. The test is whether a plaintiff's allegations logically grow out of

the initial charge, such that the charge placed the employer on notice of the claims against them.

*Manning v. Chevron Chem Co., LLC*, 332 F.3d 874, 879 (5th Cir. 2003). If a charge failed to

provide such notice, the plaintiff's administrative remedies are not exhausted. *See id*.

Here, Plaintiff's Charge narrative states:

> PERSONAL HARM: I began employment with the Respondent on or around February 28, 2022, and worked as an IT in the deployment center. My direct supervisor was Craig Phillips. Throughout my employment, I was frequently denied the opportunity to work overtime while similarly situated individuals outside of my protected class were afforded those opportunities. On the rare occasion I was selected for overtime, it was because not enough people had signed up. On or around March 22, 2024, I was informed that my contract was being terminated after being renewed on January 18, 2024. I am aware that a similarly situated individual in my protected class had their contract terminated by Craig Phillips approximately 10 months before mine was terminated. I am also aware that the Respondent has hired multiple individuals outside of my protected class into the same position I held despite these individuals having minimal qualifications or experience. RESPONDENTS REASON FOR ADVERSE ACTION: I was informed that my contract was being terminated. DISCRIMINATION STATEMENT: I believe that I have been discriminated against because of my national origin (African) and religion (Muslim), in violation of Title VII of the Civil Rights Act of 1964, as amended. I would like to add that in my Department (The Deployment Center) I was the only one requesting more work once I complete my tickets. I used to ask George Abram to assign Asset Retrieval tickets to me in case he has some. Furthermore, I asked Craig Phillips four times during the span of one year about Security Clearance sponsorship. Once, I knew he was not going to help me, I asked Sharon Martinez. My conversation with her lasted less than five minutes and she accepted to initiate my Security Clearance sponsorship. Craig Phillips displayed leniency toward other employees. For example, one employee had a serious emotional breakdown in the last week of December 2023 at Bldg. 312. He started cursing loudly and using the F word excessively for no reason. Three

employees witnessed that incident. Another co-worker was written up by a security officer because he was driving his golf cart and talking on the cell phone at the same time. Craig Phillips did not fire any of these employees despite the seriousness of their actions.

RESPONDENTS REASON FOR ADVERSE ACTION:
I was informed that my contract was being terminated.

Dkt 1-1. Even under a liberal construction, the Charge narrative contains no facts to support claims of discriminatory denial of training, coaching, or preferential assignments. *See* Dkt. 1-1; *cf.* Dkt. 1 at ¶¶ 23, 32, 41. The Charge narrative also does not mention that Plaintiff was subjected to heightened scrutiny. *See* Dkt. 1-1; *cf.* Dkt. 1 at ¶ 42. Instead, the Charge only alleges (i) Plaintiff was denied the opportunity to work overtime, (ii) his supervisor "was not going to help" Plaintiff with his inquiry about security clearance sponsorship, and (iii) Plaintiff was terminated. *See* Dkt. 1-1. Accordingly, the discrete acts newly raised in the Complaint (denial of training, coaching, preferential assignments, and heightened scrutiny) are not part of Plaintiff's exhausted claims and should be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Lockheed Martin Corporation respectfully requests the Court grant its Motion and dismiss with prejudice Plaintiff's Title VII discrimination claims pertaining to purported denial of training, coaching, preferential assignments, and heightened scrutiny. Additionally, Lockheed Martin Corporation respectfully requests the Court grant any further relief to which it may be entitled, including attorneys' fees associated with its Motion.

Respectfully submitted,

*/s/Molly Ann Lawrence*

JAMIE ASHTON
Texas Bar No. 24087211
jamie.ashton@ogletree.com
MOLLY ANN LAWRENCE
Texas Bar No. 24083365
mollyann.lawrence@ogletree.com

**OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, TX  75225
214-987-3800 (Telephone)
214-987-3927 (Facsimile)

**ATTORNEYS FOR DEFENDANT**