**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MOHAMMED BOUJAER,** | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **CASE NO. 4:25-CV-01347-O** |
| | § | |
| **LOCKHEED MARTIN CORPORATION,** | § | |
| Defendant. | § | |

**DEFENDANT LOCKHEED MARTIN CORPORATION'S REPLY
IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL**

Defendant Lockheed Martin Corporation ("Lockheed Martin") files this Reply in further support of its Motion for Partial Dismissal [Dkt. 5] ("Motion") of Plaintiff's Original Complaint [Dkt. 1] ("Complaint") and states:

**I.      SUMMARY OF REPLY**

Just as a leopard can't change its spots, Plaintiff can't change his "crucial" EEOC Charge (the "Charge") narrative, which only alleges two instances of purported harm – (i) denial of overtime opportunities, and (ii) termination of his contract – and is thus too narrow to exhaust the additional discrete theories of discrimination set forth in his Complaint. Plaintiff's allegations of denial of training, coaching, and preferential assignments are completely absent from the Charge. The Charge also does not allege Plaintiff was subjected to heightened scrutiny. Plaintiff's argument that his claims are sufficiently related to his Charge allegations fails as a matter of law. Proper analysis of his exhaustion requirement – which extends beyond that cited in his Response [Dkt. 8] – confirms the scope of Plaintiff's Charge does not encompass the allegations in his Complaint. Dismissal of Plaintiff's Title VII claims at issue is appropriate for failure to exhaust.[1]

---

[1] To the extent it bears addressing, the Response improperly states Lockheed Martin seeks dismissal of Plaintiff's claims under Title VII and 42 U.S.C. § 1981. That is incorrect. Lockheed Martin seeks dismissal of Plaintiff's Title VII claims not exhausted in the Charge stage. Plaintiff's § 1981 claims are not presently at issue.

## II.     ARGUMENTS IN REPLY

The Court should grant Lockheed Martin's Motion for the following reasons:

**A.     The Facts On Which Plaintiff Relies Do Not Overcome His Failure to Exhaust.**

The factual statement in Plaintiff's Charge detailing purported "personal harm" is limited

to denial of overtime and termination of his contract:

PERSONAL HARM: I began employment with the Respondent on or around February 28, 2022, and worked as an IT in the deployment center. My direct supervisor was Craig Phillips. Throughout my employment, I was frequently denied the opportunity to work overtime while similarly situated individuals outside of my protected class were afforded those opportunities. On the rare occasion I was selected for overtime, it was because not enough people had signed up. On or around March 22, 2024, I was informed that my contract was being terminated after being renewed on January 18, 2024. I am aware that a similarly situated individual in my protected class had their contract terminated by Craig Phillips approximately 10 months before mine was terminated. I am also aware that the Respondent has hired multiple individuals outside of my protected class into the same position I held despite these individuals having minimal qualifications or experience. RESPONDENTS REASON FOR ADVERSE ACTION: I was informed that my contract was being terminated. DISCRIMINATION STATEMENT: I believe that I have been discriminated against because of my national origin (African) and religion (Muslim), in violation of Title VII of the Civil Rights Act of 1964, as amended. I would like to add that in my Department (The Deployment Center) I was the only one requesting more work once I complete my tickets. I used to ask George Abram to assign Asset Retrieval tickets to me in case he has some. Furthermore, I asked Craig Phillips four times during the span of one year about Security Clearance sponsorship. Once, I knew he was not going to help me, I asked Sharon Martinez. My conversation with her lasted less than five minutes and she accepted to initiate my Security Clearance sponsorship. Craig Phillips displayed leniency toward other employees. For example, one employee had a serious emotional breakdown in the last week of December 2023 at Bldg. 312. He started cursing loudly and using the F word excessively for no reason. Three employees witnessed that incident. Another co-worker was written up by a security officer because he was driving his golf cart and talking on the cell phone at the same time. Craig Phillips did not fire any of these employees despite the seriousness of their actions.

RESPONDENTS REASON FOR ADVERSE ACTION:
I was informed that my contract was being terminated.

Dkt. 1-1. The Charge contains no reference whatsoever to denial of training, coaching, or

preferential assignments. Likewise, the Charge contains no allegations that Plaintiff was subjected

to heightened scrutiny.

**1.     The Charge Contains No Allegations of Denial of Training, Coaching, or Preferential Assignments.**

In defense of the new discrete theories of discrimination raised in the lawsuit alleging

Page 2

denial of training, coaching, and preferential assignments, Plaintiff argues his Charge merely omits "descriptive phrases" and "precise wording" found in the Complaint but to no consequence since the law prioritizes substance over label. *See* Response at PageID 38-39. Plaintiff's application of the law is misguided. While the Fifth Circuit rejects rigid requirements for precise "labels," its rejection refers to the necessity of a "specific incantation" or "magic words" such as disparate impact, hostile work environment, retaliation, etc. *See, e.g., Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006) (affirming dismissal of disparate impact claim). The Fifth Circuit's standard does not excuse Plaintiff from stating a claim's basic facts: "a plaintiff's charge should not be so liberally construed that a plaintiff does not need to state the basic facts that make up his discrimination claim because a plaintiff does not need legal assistance to merely articulate the facts underlying his claims." *See Stanley v. Univ. of Tex. Med. Branch*, 425 F. Supp. 2d 816, 822 (S.D. Tex. 2003), citing *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993). A plaintiff must make specific allegations detailing the allegedly discriminatory treatment he has received. *See id*. at 823. "Otherwise, every plaintiff could always put that one catch-all sentence in their charge to exhaust their administrative remedies, and the EEOC would be left in the dark concerning the substance of plaintiffs' claims – contrary to Title VII's drafters' intentions for the role of the EEOC." *Id*.

The above standard serves the interest of proper enforcement of Title VII remedies discussed in the Motion (PageID 27-28). Nothing in the Charge would alert an investigator that Plaintiff was alleging discriminatory treatment arising from denial of training, coaching, or preferential assignments. Even a generous read of the Charge confirms Plaintiff only alleges (i) denial of overtime opportunities, (ii) termination of his contract, (iii) multiple persons with "minimal qualifications or experience" were hired into the same position as Plaintiff, (iv) Plaintiff "was the only one requesting more work" once he completed his existing work tickets, (v) his

supervisor "was not going to help" him with his inquiry about security clearance sponsorship, and (vi) other employees engaged in certain misconduct and were not fired (Plaintiff does not allege any misconduct or discipline for perceived misconduct on his part). Dkt. 1-1. The Charge allegations do not mention or refer to denial of training, coaching, or preferential assignments whatsoever, in label or in substance.

In the Response, Plaintiff admits the Charge does not directly reference denial of training, coaching, or preferential assignments, but he asks the Court to make prodigious leaps of the imagination and enlarge the scope of the Charge by concluding "an investigation into overtime disparity and the hiring of minimally qualified comparators would reasonably encompass inquiry into how work was distributed, and as to whether those compactors (*sic*) received additional training, coaching, and support or development opportunities to perform their roles and whether Plaintiff was denied comparable access to such opportunities." Response at PageID 39. Plaintiff's argument is unsupported by law or reason and should be declined.

The "one label fits all substance" theory of exhaustion advanced in the Response does not comport with Fifth Circuit standards. This Court should conclude Plaintiff failed to exhaust his administrative remedies as to the discrete theories of Title VII discrimination raised in his Complaint alleging denial of training, coaching, and preferential assignments and dismiss those claims.

### 2. The Charge Contains No Allegations of Heightened Scrutiny.

The Motion discusses Plaintiff's failure to file an administrative charge alleging heightened scrutiny and identifies case law supporting dismissal of Plaintiff's theory of discrimination based on heightened scrutiny. Motion at PageID 27-29 (citing cases); *see also* Dkt. 1-1. The Response does nothing (and can do nothing) to change the absence of any allegation of heightened scrutiny in Plaintiff's Charge. Instead, the Response throws the kitchen sink at this subject, contending

without support that denial of overtime afforded to others, hiring minimally qualified individuals into the same position as Plaintiff, and being "denied" sponsorship for a security clearance (which the Charge does not even allege) intrinsically constitutes heightened scrutiny. Plaintiff's "arguments" do not pass muster. None of these allegations imply Plaintiff was scrutinized more heavily than others.

In the Response, Plaintiff additionally argues that facts of "differential discipline" given to "comparators" "necessarily implicate[s] how supervisory discretion was exercised and whether Plaintiff was subjected to harsher standards than similarly situated employees." Response at PageID 42. The Charge, however, does not allege differential discipline, as it does not identify "comparators" who engaged in like conduct as Plaintiff. The Charge's factual statement only describes instances in which Plaintiff's supervisor did not fire other employees (specifically, an employee who cursed loudly during a "serious emotional breakdown" and a co-worker who was written up for "driving [a] golf cart and talking on the cell phone at the same time"). *See* Dkt. 1-1. The Charge contains no allegation Plaintiff was disciplined (more heavily, or at all) for like conduct. Further, the factual statement does not allege Plaintiff was disciplined for work misconduct in the first place. Plaintiff's attempt to sustain his claim of heightened scrutiny fails. The Charge simply cannot be read to include allegations of "differential discipline" or heightened scrutiny.

The Court should dismiss Plaintiff's claim of Title VII discrimination based on heightened scrutiny due to failure to exhaust at the administrative charge stage.

**B.      The Response's Discussion of "Advancement-Related Support" Is Inconsequential.**

Lockheed Martin's Motion asks the Court to dismiss Plaintiff's discrete theories of discrimination based on denial of training, coaching, and preferential assignments and heightened scrutiny because those claims are not exhausted in the underlying Charge. Plaintiff devotes a

section of his Response to arguing the Charge sufficiently alleges "discriminatory denial of advancement-related support, including security clearance sponsorship" and denial of advancement-related opportunities constitute actionable discrimination. *See* Response at PageID 40-41. The Response's discussion of "denial of advancement-related support" is not relevant to the Motion's dismissal arguments, which are aimed at the Complaint's discrete theories of denial of training, coaching, and preferential assignments, and heightened scrutiny.  Indeed, Plaintiff does not mention the discrete theories of discrimination at issue in the Motion in this section of his analysis. *See* Response at PageID 40-41 (Section C). Accordingly, the Court should disregard this portion of the Response entirely.

Because Plaintiff does not and cannot demonstrate his discrete discrimination theories of denial of training, coaching, and preferential assignments, and heightened scrutiny were exhausted at the administrative charge stage, these claims should be dismissed.

### III.    CONCLUSION

Lockheed Martin has met its burden and Plaintiff has presented no credible opposition for the requested relief. Based on the arguments presented in the Motion and above, Lockheed Martin respectfully requests the Court grant its Motion for Partial Dismissal, dismiss Plaintiff's Title VII discrimination claims pertaining to purported denial of training, coaching, preferential assignments, and heightened scrutiny with prejudice, and grant Lockheed Martin any further relief to which it may be entitled.

Respectfully submitted,

By:   */s/Molly Ann Lawrence*

JAMIE ASHTON
Texas Bar No. 24087211
jamie.ashton@ogletree.com
MOLLY ANN LAWRENCE
Texas Bar No. 24083365
mollyann.lawrence@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.**
8117 Preston Road, Ste. 500
Dallas, Texas  75225
Tel: (214) 987-3800
Fax: (214) 987-3927

**ATTORNEYS FOR DEFENDANT**